This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                            **No. 31,959**

**JOSEPH ADRIAN DIENNO**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his sentence upon a probation violation. In our notice, we proposed to affirm the sentence. Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm.

In our notice, we pointed out that the sentence Defendant was given was within the sentencing authority granted to the district court by the Legislature. A district court does not abuse its discretion in sentencing if the sentence is within that authorized by the Legislature. *State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438. Defendant does not argue that the sentence given was outside the district court's sentencing authority. Rather, he argues that the district court should have given him the option to complete an in-patient treatment program. While that may have been an option for the district court to consider, its failure to allow Defendant such an option is not an abuse of discretion.

Defendant also argues that he did not understand the full impact of his original plea agreement. This is not a matter properly before this Court on appeal from a probation violation, particularly as it does not appear that he raised the issue at the time of his probation violation. Nothing prevents Defendant from raising this issue in habeas proceedings if he so chooses.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**